891 F.2d 293
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sharon WHITE, for Laura WHITE, a minor, Plaintiff-Appellant,
v.
Samuel JOHNSON, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 89-3186.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1989.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Sharon White appeals from a magistrate's judgment affirming the denial of child's insurance benefits for her minor daughter, Lauren White. The Secretary of Health and Human Services determined that the claimant did not prove that Lauren White was the child of the decedent-insured, Caleb White. Upon review of the record and the briefs of the parties, we conclude that the Secretary's denial of benefits is supported by substantial evidence.
 
 
 2
 Ms. White claims that she entered into a common law marriage with the deceased and that this establishes paternity under 42 U.S.C. § 416(h)(2)(A). The administrative law judge who heard the case at the agency level rejected this claim on the ground that Caleb White was already married to someone else at the time of the alleged common law marriage. Under Ohio law, the ALJ held, the deceased's marriage to his first wife barred a common law marriage with Sharon White. See Darling v. Darling, 44 Ohio App.2d 5, 335 N.E.2d 708, 710 (1975). Magistrate Joseph W. Bartunek, a former Ohio probate judge, agreed. So do we.
 
 
 3
 The ALJ also rejected Ms. White's claim that paternity was established under 42 U.S.C. § 416(h)(3), which provides that paternity can be established if the insured individual "has acknowledged in writing that the applicant is his or her son or daughter." 42 U.S.C. § 416(h)(3)(C)(i)(I). Ms. White presented two handwritten notes, signed "Caleb White," acknowledging paternity of the child Ms. White was carrying. Handwriting analysis revealed that the notes were in fact written and signed by Ms. White herself. She claimed that Caleb White had dictated the notes to her and authorized her to sign for him. Whether or not such documents would meet the statutory requirement, the ALJ was not required to accept Ms. White's explanation. He did not do so, and we have no basis for second-guessing him.
 
 
 4
 Paternity may also be established by "satisfactory" evidence showing that the insured individual was the father and that he had been living with or contributing to support of the child. 42 U.S.C. § 416(h)(3)(C)(ii). Although Ms. White did produce some such evidence, there was substantial evidence to the contrary. It is the job of the ALJ, not this court, to weigh conflicting evidence. See Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983).
 
 
 5
 Ms. White alternatively asks this court to remand for rehearing in light of an affidavit attached to her opening brief. We find no exceptional circumstances that would justify our considering an issue not raised before the magistrate. See Pinney Dock & Transport Co. v. Penn. Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 109 S.Ct. 196 (1988). A court of appeals may not reverse a judgment on the basis of an affidavit not submitted to the court below. Torres v. Schweiker, 682 F.2d 109, 113 (3d Cir.1982), cert. denied, 459 U.S. 1174 (1983).
 
 
 6
 Accordingly, and for the reasons stated in the magistrate's opinion dated November 4, 1988, the judgment is AFFIRMED.